# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BAILEY,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN N. NATAVINCHI, et al.,<br><br>        Defendants. | Case No.  1:13-cv-00872 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION |

Plaintiff Larry Bailey ("Plaintiff") is an inmate at the California Substance Abuse Treatment Facility proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on June 10, 2013. He names Wasco State Prison Warden John N. Natavinchi, Los Angeles District Attorney employee Ms. Lacie, Los Angeles District Attorney Marc Collier, Los Angeles District Attorney Mas Cassey, Los Angeles Police Officer Duran, Los Angeles Police Officer Fragza, Los Angeles Police Sergeant Washington, and Riverside Sheriff Deputy Gurhniezz as Defendants.

A.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id. Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.  SUMMARY OF PLAINTIFF'S ALLEGATIONS

At the time the complaint was filed, Plaintiff was incarcerated at the Wasco State Prison. He stated that Warden John N. Natavinchi was charged with holding him in custody.  He contends that Defendant Collier maliciously prosecuted him in violation of his constitutional, statutory and civil rights.  He alleges that Defendants Duran and Fragza committed intentional

2

misconduct with malicious indifference by fabricating reports and committing perjury. He contends that Defendant Washington signed a fabricated report. He contends that Defendant Gurhniezz gave information to Defendants Fragza and Duran thereby assisting in the fabrication of reports.

Based on these facts, Plaintiff alleges a violation of his civil rights and due process of law. For relief, Plaintiff requests (1) release from state prison; (2) compensation for the violation of his rights; and (3) prosecution of Defendants Duran, Fragza, and Washington for perjury.

C.    ANALYSIS

"In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong." Haygood v. Younger, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc). A prisoner in state custody simply may not use a section 1983 civil rights action to challenge the "fact or duration of his confinement." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The prisoner must seek federal habeas corpus relief instead. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (quoting Preiser, 411 U.S. at 489).

"[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994). Thus, a plaintiff's section 1983 action may be "barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 82.

Plaintiff's action is not a proper section 1983 action. He asks for his immediate release and compensation for his incarceration based on alleged constitutional violations committed during and prior to trial by law enforcement and the prosecution. He is essentially requesting invalidation of his conviction. If the Court determined that law enforcement and the prosecution violated his constitutional rights thereby rendering the charges and his trial unfair, it would

impact the validity of his criminal trial and/or conviction. Plaintiff's sole remedy is to file a petition for writ of habeas corpus.

Accordingly, this Court recommends that this action be dismissed, without prejudice.

D.   **FINDINGS AND RECOMMENDATIONS**

The Court HEREBY RECOMMENDS that this action be dismissed, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 25, 2014**                      /s/ Dennis L. Beck
                                                                      UNITED STATES MAGISTRATE JUDGE